IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDRE PIERRE LARK, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:19-cv-999-B (BT) |
| | § | |
| WARDEN ERIC D. WILSON and | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Andre Lark, a federal prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. He also filed an emergency motion for time served. For the following reasons, the Court should dismiss the petition and the motion (ECF No. 4) without prejudice as premature.

I.

Petitioner asks the Court to order the Bureau of Prisons ("BOP") to grant him good-time credits under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). He claims he is entitled to an additional seven days of time credits per year under the First Step Act, and that with this time credit he is entitled to immediate release.

Generally, petitioners seeking relief under § 2241 must exhaust their administrative remedies prior to presenting their claims in federal court. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Here, even if Petitioner exhausted his administrative remedies, he is not entitled to relief. Section 102(b)(1) of the First

Step Act ("Act"), Public Law No. 115-391, amended 18 U.S.C. § 3624(b) to permit federal inmates to earn 54 days of good conduct time for each year of the sentence imposed, effectively abrogating *Barber v. Thomas*, 560 U.S. 474 (2010). This provision, however, has not yet taken effect and will not take effect until the Attorney General completes the "risk and needs assessment system" within 210 days after the Act's enactment, as required by Section 101(a) of the Act. *See Hoenig v. United States*, No. 4:19-cv-374-Y, 2019 WL 2006695 (N.D. Tex. May 7, 2019) (denying habeas relief because Section 102(b)(1) will not take effect until July 2019) (citing *Schmutzler v. Quintana*, No. 5:19-046-DCR, 2019 WL 727794, at *2 (E.D. Ky Feb. 20, 2019)); *see also*, *Gossman v. Underwood*, No. 3:19-cv-351-G-BK (N.D. Tex. April 1, 2019) (adopting finding, conclusions, and recommendation to dismiss § 2241 petition seeking time credits under the First Step Act as premature). The petition is therefore premature and should be dismissed.

## II.

For the foregoing reasons, the Court recommends that the petition and the emergency motion for time served be dismissed without prejudice as premature.

Signed May 16, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).